# 95 DTA 9

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE MAYAGUEZ

EL PUEBLO DE PUERTO RICO
Demandante

v.

YOLANDA MORALES FIGUEROA
Demandada

Núm. KLAN-95-00030

San Juan, Puerto Rico, a 14 de febrero de 1995

Panel integrado por su presidente, Juez Amadeo Murga
y los Jueces Brau Ramírez y Ramos Buonomo
Amadeo Murga, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La apelante cuestiona su convicción por el delito estatuido en la Sección 5-201 de la Ley 141 de 1960 según enmendada la cual dispone:

*"(a) Toda persona que condujere un vehículo con voluntario o malicioso desprecio por la seguridad de personas o propiedades será culpable de conducir temerariamente e incurrirá en delito menos grave y convicta que fuere se le castigará con una multa no menor de cien (100) dólares ni mayor de quinientos (500) dólares o cárcel por un término no menor de un mes ni mayor de seis (6) meses, o ambas penas a discreción del Tribunal."*

Funda su apelación en que la prueba de cargo no logró rebatir la presunción de inocencia que le garantiza la Constitución y que se le pruebe su culpabilidad más allá de duda razonable.

La prueba que sirvió de base para encontrar culpable a la apelante consta en la exposición narrativa aprobada por el tribunal. Esta recoge los testimonios de los testigos de cargo. La parte apelante no presentó prueba.

La prueba de cargo consistió del testimonio de cinco testigos. El primero fue la perjudicada Ida Tamara Martínez Pérez de 16 años quien declaró que el 31 de diciembre de 1993, a eso de las 3:00 de la tarde, caminaba por la yerba o zanja al lado de la carretera número 109, como a dos pies de distancia de la vía de rodaje cuando el vehículo conducido por la apelante se desvió, se metió en la zanja o yerba y la impactó. Ella empujó a Yasmín, quien la acompañaba, para que el vehículo no impactara a esta última. Declaró que la conductora miró hacia el lado derecho y que como consecuencia del impacto ellas cayeron a la entrada de la casa de su abuela de donde habían salido. A preguntas de la defensa declaró que había estado reunida antes de empezar el juicio con el fiscal y los demás testigos y que el padre de la testigo Yasmín Rodríguez Martínez participó en la reunión. A preguntas de la defensa reiteró que caminaban por la zanja.

La otra testigo, Yasmín Rodríguez Martínez declaró igualmente que caminaban por la zanja, o la yerba de la carretera. Declaró que no vio el vehículo. Que Tamara la empujó y cayeron frente a la entrada de la casa de la abuela. Que no sabe como ocurrió el accidente. A preguntas de la defensa declaró que tiene 12 años y que se había reunido con el fiscal, los testigos y su papá que también era policía.

El tercer testigo fue el Sr. Johnny Rodríguez González quien declaró que viajaba en el

auto que conducía José Luis Vegas Gutiérrez y vio cuando el vehículo de la apelante se metió en la zanja e impactó a las jóvenes. El se bajó y fue al lugar donde quedó el vehículo de la denunciada y ésta le admitió que era culpable. A preguntas de la defensa, sin embargo, aceptó que la apelante no había usado la palabra culpable y que meramente había dicho que había ocasionado el accidente.

El último testigo del Pueblo fue el Sr. Manuel Martínez Díaz quien hizo la investigación del caso y preparó la denuncia. A preguntas de la defensa declaró que se reunió con los testigos y se discutió lo que iban a declarar. La defensa lo confrontó asímismo con la denuncia la cual había redactado. La denuncia alegó que las jóvenes Ida Tamara Martínez y Yasmín Rodríguez Martínez caminaban por la carretera en dirección de oeste a este. La explicación del testigo del por qué se había usado la palabra carretera y no zanja u orilla es que para él la orilla o la zanja constituía parte de la carretera.

Ante tal cuadro de hechos procede la confirmación de la sentencia.

La prueba creída por el Tribunal de Instancia, la cual no fue contradicha, demuestra que el accidente ocurrió en la zanja y no en la vía de rodaje y que la apelante se desvió de la vía de rodaje y se metió en la zanja donde impactó a las víctimas. (Exposición narrativa, pág. 1). Desviarse y abandonar la vía de rodaje para meterse en un área adyacente donde caminan peatones constituye el tipo de negligencia que está sancionado en la Sección 5-201 de la Ley de Tránsito, según enmendada.■

Una persona que conduce un vehículo tiene la obligación de mantenerse dentro del área de rodaje y estar atenta a personas que están en los márgenes de la carretera. Salirse de la vía de rodaje e impactar una persona que se encuentra fuera del margen de la carretera, en la yerba o en una zanja constituye la conducta que demuestra un desprecio por la seguridad de las personas que se encuentran en ese sitio.: Se presume que toda persona intenta las consecuencias ordinarias del acto cometido voluntariamente. No hay prueba que su desvío hacia la zanja fuera en contra de su voluntad. Como señala *Rodríguez Rolón v. Tribunal Superior*, 91 D.P.R. 840 (1965):

*"La falta del debido cuidado y circunspección convierte a todo vehículo en un instrumento potencial de destrucción y muerte. Uno de los objetivos cardinales o básicos de nuestro estatuto sobre el tránsito es la seguridad pública. A tono con ello exige entre otras cosas, que toda persona que conduzca un automóvil debe estar capacitada mental y físicamente para ello y que sea persona de solvencia moral suficiente para conducir un vehículo con la debida consideración para la seguridad pública"* --Sec. 3-103; que debe ejercer en todo momento el *"debido dominio del vehículo"* --Sec. 5-101--y realizar una conducción segura --Sec.5.102, y ha declarado conducción temeraria todos los actos enumerados en su Sec. 5.201, cuya aplicación aquí está envuelta.

No habiéndose cometido el error señalado se confirma la sentencia apelada.

Lo acordó el tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIO 95 DTA 9**

1. La apelante señala que la Sección 5.201 exige una clase de negligencia mayor que la negligencia ordinaria que la haría responsable civilmente bajo el Artículo 1802 del Código Civil de 1930, 31 L.P.R.A. Sec. 5142. La enmienda hecha a la Sección 5,201 hecha en 1973 mediante la Ley número 58 del 30 de mayo de ese año,

eliminó de la Sección 5.201 la parte que disponía *"o que mediante el manejo negligente causare daño a otra persona"*. La eliminación de tal disposición respalda la posición de la apelante de que para encontraría culpable es necesario que el acto sea uno que trascienda la negligencia ordinaria fuente de responsabilidad civil bajo el Artículo 1802. Sin embargo, la prueba creída por el Tribunal no refleja una negligencia de naturaleza leve y sí una de carácter temeraria al conducir su vehículo fuera del área de rodaje, *Pueblo v. Héctor Rivera Alicea,* 123 D.P.R. 739 (1989); J. Santos Briz, *La Responsabilidad Civil,* Editorial Montecorvo, S.A., Sexta Edición, p. 85 y siguientes.